IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERNON JAMES VEREEN        *
       *
      v.         *      Civil Case No. MJG-16-3771
       *
COMMISSIONER, SOCIAL SECURITY        *
       *
*************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered both parties' dispositive motions and the related filings. [ECF Nos. 17, 21, 23, 26]. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part pursuant to sentence four, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Vernon James Vereen applied for Disability Insurance Benefits and Supplemental Security Income on April 3, 2012, originally alleging a disability onset date of August 1, 2010.[1] (Tr. 208-17). His claims were denied initially and on reconsideration. (Tr. 139-46, 151-54). An Administrative Law Judge ("ALJ") held a hearing on March 4, 2015, (Tr. 26-81), and

---

[1] The ALJ states, "At the hearing, the claimant amended his onset date of disability to March 1, 2013." (Tr. 10). In fact, the amendment was never formally confirmed on the hearing record. *See* (Tr. 32) ("[A]nd we'll discuss the amended onset date…at the end if that's okay with you?"). However, in subsequent correspondence, Mr. Vereen's attorney confirmed the amended onset date of March 1, 2013, and even offered a further amendment to the date of Mr. Vereen's left hand injury on August 2, 2013. (Tr. 309).

subsequently denied benefits to Mr. Vereen in a written opinion dated May 20, 2015. (Tr. 10-21). The Appeals Council declined review, (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the Agency.

The ALJ found that Mr. Vereen suffered from the severe impairments of "[c]ongenital ptosis/optic atrophy right eye/exotropia, scoliosis, and borderline intellectual functioning." (Tr. 13). Despite these impairments, the ALJ determined that Mr. Vereen retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is capable of lifting, carrying, pushing, and pulling 20 pounds occasionally and 10 pounds frequently. He is capable of standing and/or walking for approximately six hours per eight hour work day, and sitting for approximately six hours per eight hour work day, with normal breaks. He can stoop occasionally, but could never climb ladders, ropes, or scaffolds. He can frequently climb ramps and stairs, balance, crouch, kneel, crawl, and reach overhead. The claimant can perform jobs that require no more than occasional far acuity, occasional peripheral acuity, frequent near acuity, frequent depth perception. He should avoid concentrated exposure to hazards of unprotected heights and dangerous, unguarded machinery. He is unable to engage in complex or detailed tasks, but can perform simple, routine, and repetitive tasks consistent with unskilled work and is able to sustain and attend to task throughout the eight-hour workday.

(Tr. 15). After considering testimony from a vocational expert ("VE"), the ALJ determined that Mr. Vereen was capable of performing his past relevant work as a "food service worker at a university," and, alternatively, was capable of performing other jobs existing in significant numbers in the national economy, particularly the jobs of "laundry folder," "garment sorter," and "hand packer." (Tr. 19-20). Accordingly, the ALJ found that Mr. Vereen was not disabled. *Id.*

Mr. Vereen disagrees. He raises several primary arguments in support of his appeal: (1) that the ALJ did not sufficiently evaluate his left hand impairment; (2) that the ALJ's analysis was deficient under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); (3) that the VE testimony was defective; (4) that the ALJ erred by proceeding to Step Five after making a past relevant

work determination at Step Four; (5) that the ALJ's assessment of his visual impairment was deficient; (6) that the ALJ assigned insufficient weight to the opinion of the Consultative Examiner, Dr. Jensen; and (7) that the ALJ erred in assessing Mr. Vereen's credibility. [ECF No. 17, pp. 22-35]; [ECF No. 21, pp. 1-4]. I concur that the ALJ's opinion did not sufficiently evaluate Mr. Vereen's left hand injury, and thus recommend remand to allow appropriate analysis. In recommending remand for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Vereen is not entitled to benefits is correct or incorrect.

Because Mr. Vereen originally filed his claim on the basis of his back and visual impairments, Mr. Vereen's attorney did not learn about his left hand injury, which was sustained in 2013, until the March, 2015 hearing before the ALJ. (Tr. 78). Counsel asked the ALJ for additional time to submit medical records, (Tr. 78-79), and eventually filed records indicating that Mr. Vereen had been stabbed in the hand, requiring surgical repair and resulting in restricted range of motion, decreased hand strength, and, at least for some period of time, an inability to move his left index finger. (Tr. 383-409, 437-39). The functional ability of Mr. Vereen's left hand at the time of the hearing before the ALJ is not readily apparent from the records provided. Mr. Vereen testified that he has difficulty holding a coffee mug, (Tr. 54), and that he would be able to assemble nuts and bolts but did not "know how many" in the absence of a hand impairment. (Tr. 66). Despite this evidence, the only mention of the left hand impairment in the ALJ's opinion reads:

> All other impairments including history of laceration of the left index finger and left wrist are nonsevere impairments. These impairments are nonsevere because they have not lasted for a period of 12 months, are responsive to medication, do not require any significant medical treatment, or do not result in any continuous vocational, exertional, or nonexertional limitations (Exhibits 7F/8F/5 and 10F).

(Tr. 13). Nothing in the RFC assessment makes any reference whatsoever to Mr. Vereen's hand impairment. The ALJ's analysis is patently inadequate, since it consists only of a generic list of factors that might make an impairment nonsevere under the regulations, without any specific indication of why Mr. Vereen's hand impairment is nonsevere. The ALJ also provided no specific assessment of Mr. Vereen's credibility with respect to his alleged difficulties using his hand. Given that all of the jobs identified by the VE and ALJ involve frequent handling and at least occasional fingering, I recommend remand for the ALJ to consider Mr. Vereen's hand impairment and to determine whether any restrictions are warranted.

Some of the other issues raised by Mr. Vereen also have some merit, though they might not independently warrant remand. First, Mr. Vereen is correct that there is a *Mascio*-type error in the ALJ's assessment of his impairment in social functioning. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace.[2] *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v.*

---

[2] The hypothetical the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

4

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Similarly, here, the ALJ determined that Mr. Vereen had "moderate" difficulties in social functioning, but included no social-related restrictions in the RFC assessment. (Tr. 14, 15). The Commissioner espouses the somewhat unique argument that the ALJ committed a "scrivener error" and intended to find only "mild" limitations, since the ALJ's explanation does not justify a "moderate" finding. Def. Mot. at 16. Unfortunately, however, this Court cannot rewrite an ALJ's opinion to alter the ALJ's express determination, even where it is factually unsupported. There is, therefore, a *Mascio*-type error in the failure to impose an RFC limitation relating to social functioning. That error, however, is harmless on the specific record made in this case. Mr. Vereen expressly questioned the VE, at the hearing, about whether a limitation to only "occasional interaction" with others would affect the claimant's ability to perform the identified jobs. (Tr. 75). The VE responded that it would not. *Id.* Accordingly, the inclusion of a term to address a moderate limitation in social functioning would not have altered the VE's opinion, or the ALJ's determination crediting the VE testimony.

Mr. Vereen also suggests a *Mascio* error in the ALJ's finding that his moderate limitation in concentration, persistence, or pace was appropriately addressed with the restriction that he "is

5

unable to engage in complex or detailed tasks, but can perform simple, routine, and repetitive tasks consistent with unskilled work and is able to sustain and attend to task throughout the eight-hour workday." [ECF No. 17, p. 27]. It is clear from the ALJ's reasoning and explanation that his determination regarding Mr. Vereen's moderate difficulties in concentration, persistence, and pace was related entirely to his intellectual limitations precluding complex tasks, rather than difficulty sustaining focus or staying on task. Although use of the functional area of "concentration, persistence, or pace" to address intellectual limitations is arguably misplaced, because it is readily apparent from the opinion what the ALJ intended by finding a "moderate" limitation, remand is unnecessary.

Mr. Vereen next contends that the VE testimony was defective, because the identified jobs require "close vision on a sustained basis." Pl. Mot. 28-29. However, the DOT descriptions of the positions make no mention of "close vision on a sustained basis." *See id.* Mr. Vereen's contention appears to be based on an interpretation of the job requirements that is not shared by the VE, since the VE expressly testified that a person with significant visual limitations would be able to do Mr. Vereen's past relevant work and the three identified light jobs. (Tr. 71-72). The ALJ was entitled to rely on the substantial evidence provided by the VE's testimony. Accordingly, the VE's testimony was not "defective," and does not necessitate remand.

Mr. Vereen's fourth argument is that the ALJ erred by proceeding to Step Five and making alternative findings after determining that Mr. Vereen could perform his past relevant work at Step Four. Pl. Mot. at 29-30. However, Mr. Vereen cites no authority for the proposition that the ALJ is barred from making alternative rulings. Accordingly, remand is unwarranted on that basis.

Mr. Vereen's remaining arguments relate to the ALJ's assessment of his visual

6

impairments, the assignment of weight to the opinion of the Consultative Examiner from 2012, Dr. Jensen, and the adverse credibility assessment. Since I am recommending remand on other grounds, I need not reach the merits of those contentions. I note that, in light of more recent surgeries and treatment for Mr. Vereen's visual impairments, if the case is remanded, an ALJ might consider whether an updated ophthalmological consultative examination is appropriate.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 23);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 17);

3. the Court REVERSE in part the Commissioner's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: August 9, 2017						/s/
							Stephanie A. Gallagher
							United States Magistrate Judge